**STEVENS v. O'NEIL et al.**

No. 12613—Opinion Filed Jan. 15, 1924.

**1. Appeal and Error—Absence of Answer Brief—Disposition of Cause.**

On appeal to this court, where the plaintiff in error has regularly perfected his ap-

peal and filed briefs, as required by rule 7 of this court, and defendant in error has failed to file his answer brief, as required by aforesaid rule, this court is not required to search the record for the purpose of finding some theory upon which to sustain the judgment of the court below, but may reverse or affirm such judgment at its discretion.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Seminole County: C. Guy Cutlip, Special Judge.

Action by Fred T. Stevens against G. W. O'Neil, F. E. O'Neil, and Odus J. O'Neil, doing business under the firm name of O'Neil & Sons. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

A. C. Markley, for plaintiff in error.

Pryor & Stokes, for defendants in error.

Opinion by RUTH, C. This was an action brought in the district court of Seminole county by the plaintiff, Fred L. Stevens, as the owner and holder in due course of a promissory note executed by the defendants, and the parties hereto will be designated as they appeared in the court below.

The plaintiff's petition sets forth the execution of the note by the defendants, trading as the firm O'Neil & Sons, and attaches a copy of the note and makes same a part of his petition, and alleges that he was the owner and holder thereof, in due course and for value, without notice, and that the same is due and unpaid.

To the petition of the plaintiff, defendants filed their unverified answer, setting up, first, general denial; second, denying that plaintiff is an innocent purchaser; third, denying that Odus J. O'Neil, in executing the note for the firm, had consent and authority from the other defendants; fourth, failure of consideration.

It was stipulated between the parties that Honorable C. Guy Cutlip, special district judge, should hear and determine this cause, and upon judgment being rendered for the defendants, the plaintiff duly excepted and perfected his appeal, and filed the same in this court in due course and form, and filed his briefs as provided for under the rules of this court, and the defendants have wholly failed and neglected to file an answer brief herein, and are in default, and have assigned no reason for such failure or neglect to file such briefs, and under rule 7 of this court, where the plaintiff has duly filed his briefs and defendants have failed or neglected to file briefs as required by the

rules, this court is not required to search the record for the purpose of finding some theory upon which the judgment of the court below may be sustained, but may reverse or confirm the judgment at its discretion.

The briefs of the plaintiff in this case have been duly examined, and as they appear to reasonably sustain the assignments of error complained of by the plaintiff, the judgment of the court below should be reversed and this cause remanded with instructions to grant the plaintiff herein a new trial.

By the Court: It is so ordered.